## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| STEPHEN WHITAKER, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 5:17-cv-00192-GWC |
| | * | |
| DEPARTMENT OF COMMERCE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### FIRST AMENDED COMPLAINT – CLASS ACTION

Plaintiffs Stephen Whitaker and David Gram, and where appropriate all other similarly situated individuals, bring this action against Defendant Department of Commerce pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Stephen Whitaker ("Whitaker") is a U.S. citizen and is a resident of the state of Vermont.

4.      Plaintiff David Gram ("Gram") is a U.S. citizen and is a resident of the state of Vermont. Gram is a veteran journalist formerly affiliated with the Vermont bureau of the Associated Press who now reports for the non-profit web-based publication *VTDigger*, a project of the Vermont Journalism Trust. He is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

5.      Similarly situated individuals include anyone who, since the First Responder Network Authority ("FirstNet") was established on 22 February 2012: (a) attempted to file a FOIA request with FirstNet, which then rejected the request on the grounds that FirstNet is allegedly not subject to FOIA; or (b) attempted to file a FOIA request with another Department of Commerce ("DOC") component and was informed that the request was being referred to FirstNet, which then rejected the request on the grounds that FirstNet is allegedly not subject to FOIA.

6.      Defendant DOC is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by Plaintiffs, and all similarly situated individuals, which are the subject of this action.

2

7.     The National Telecommunications and Information Administration ("NTIA") and FirstNet are DOC components.

## CLASS ACTION ALLEGATIONS

8.     Counts 16-17 of this action are brought by Plaintiffs on their own behalf and on behalf of the class of all others similarly situated under the provisions of Fed. R. Civ. P. 23(a) and (b)(1)-(2).

9.     The class so represented by Plaintiffs in this action, and of which they are members, consists of anyone who submitted a FOIA request to FirstNet or any other DOC component since 22 February 2012 and whose request was ultimately rejected by way of reliance upon an unlawful interpretation of law alleging that FirstNet was not subject to FOIA.

10.    The exact number of members of the class, as hereinabove identified and described, is not known, but it is reasonable to believe the class is so numerous that joinder of individual members is impractical.

11.    The relief sought is common to the entire class, and there are common questions of law and fact that relate to and affect the rights of each member of the class. These common questions include and involve whether FirstNet is subject to FOIA, as well as whether other DOC components can refer requests to FirstNet instead of searching their own systems for responsive records and processing them. Certain defenses raised by DOC would apply equally to all members of the class.

12.    The claims of Plaintiffs against DOC are typical of the claims of the class in that the claims of all members of the class depend on a showing of the acts of DOC as giving rise to rights to the relief sought herein. There is no conflict as between Plaintiffs and other members of the class with respect to this action, or with respect to the claims for relief contained herein.

3

13.     Plaintiffs are representative parties for the class and are able to and will fairly and adequately protect the interests of the class. The attorneys for Plaintiffs are experienced and capable in litigating the claims at issue and have successfully represented claimants in other matters of this nature. In particular, Attorney Kel McClanahan of National Security Counselors, who has almost a decade's worth of specialized experience handling complex FOIA and APA litigation, will actively conduct and be primarily responsible for the conduct of the action on behalf of the plaintiff class, in concert with Attorney Robert Appel for the duration of his admission *pro hac vice*.

14.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of others not party to the adjudications, or would substantially impair or impede their ability to protect their interests.

15.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## BACKGROUND

16.     The Middle Class Tax Relief and Job Creation Act of 2012 established FirstNet as an independent authority within NTIA.

17.     FirstNet's primary mission is to construct a nationwide interoperable broadband telecommunications network for first responders. FirstNet has awarded a contract to AT&T for these services.

4

18.     AT&T in concert with FirstNet must negotiate specific plans for implementation with each state and U.S. territory, which can then choose to either opt in to the FirstNet/AT&T plan or make an alternative plan and proposal for construction and management of the Radio Area Network portion of FirstNet in that state or territory.

19.     FirstNet or another DOC component established an online portal ("the Portal") to exchange information with an unknown number of interested parties in each state and territory.

20.     Upon information and belief, this portal is also accessible to other DOC components.

21.     Upon information and belief, on or about 20 September 2017, FirstNet or another DOC component began making individual final state and territorial plans available through the Portal.

22.     Upon information and belief, each state and territorial government has until 28 December 2017 to reach a decision to opt in or propose an alternative plan.

23.     A failure to respond by the assigned deadline is legally construed as a decision to opt in.

24.     As of this writing, the state government of Vermont has not made a decision to opt in.

### *PART I: INDIVIDUAL REQUESTS*

### FIRST CAUSE OF ACTION

### (FIRSTNET – RECORDS DENIAL – UNKNOWN NO. 1)

25.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

5

26. On 1 September 2017, Plaintiffs submitted to FirstNet, NTIA, and DOC a FOIA request for user comments made through the Portal ("the First Request"). This request quoted an email sent to Portal users which stated, "We will be removing all user comments from within the portal on Thursday, Sept. 7 now that the comments period has closed."

27. Plaintiffs further stated, in italics, "This request is being sent to three separate agencies—First Responder Network Authority, National Telecommunications & Information Administration, and Department of Commerce—and should be processed by each agency separately."

28. Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.

29. On 7 September 2017, FirstNet informed Plaintiffs that it would not accept the request because "Section 6206(d)(2) of the Middle Class Tax Relief and Job Creation Act (47 U.S.C. § 1426(d)(2)) exempts FirstNet from the requirements of FOIA." FirstNet did not provide any appeal rights to Plaintiffs.

30. 47 U.S.C. § 1426(d) states, "Any action taken or decisions made by the First Responder Network Authority shall be exempt from the requirements of— . . . chapter 5 of title 5 (commonly referred to as the Administrative Procedures Act)."

31. While FOIA is located in "chapter 5 of title 5," it is not "commonly referred to as the Administrative Procedures Act." Therefore, this statute does not properly exempt FirstNet from the requirements of FOIA.

32. Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by FirstNet of said right.

6

## SECOND CAUSE OF ACTION

## (FIRSTNET – RECORDS DENIAL – UNKNOWN NO. 2)

33.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

34.     On 1 September 2017, Plaintiffs submitted to FirstNet, NTIA, and DOC a FOIA request for "all communications from any state government officials to [FirstNet] which the agency considers to be agreements (or proposed agreements) to 'opt in' to the FirstNet system" ("the Second Request").

35.     Plaintiffs further stated, in italics, "This request is being sent to three separate agencies—First Responder Network Authority, National Telecommunications & Information Administration, and Department of Commerce—and should be processed by each agency separately."

36.     Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.

37.     On 7 September 2017, FirstNet informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

38.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by FirstNet of said right.

## THIRD CAUSE OF ACTION

## (FIRSTNET – RECORDS DENIAL – UNKNOWN NO. 3)

39.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

7

40.     On 1 September 2017, Plaintiffs submitted to FirstNet, NTIA, and DOC a FOIA request for "all contracts, agreements, memoranda of understanding, etc. with AT&T pertaining to" FirstNet ("the Third Request").

41.     Plaintiffs further stated, in italics, "This request is being sent to three separate agencies—First Responder Network Authority, National Telecommunications & Information Administration, and Department of Commerce—and should be processed by each agency separately."

42.     Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.

43.     On 7 September 2017, FirstNet informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

44.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by FirstNet of said right.

### FOURTH CAUSE OF ACTION

### (FIRSTNET – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – UNKNOWN NO. 4)

45.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

46.     On 25 September 2017, Plaintiffs submitted to FirstNet, NTIA, and DOC a FOIA request for "all [FirstNet] plans (and associated correspondence, such as notification letters) made available to U.S. governors last week" ("the Fourth Request").

8

47.     Plaintiffs further stated, in italics, "This request is being sent to three separate Department of Commerce components—First Responder Network Authority, National Telecommunications & Information Administration, and Department of Commerce—and should be processed by each component separately.  If you do consolidate your response to this request, please indicate which responsive records were located in which component(s), although you do not need to provide duplicates if you locate the same record in multiple components."

48.     Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.

49.     On 6 October 2017, FirstNet informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.~~FirstNet did not make a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute and has not, as of this writing, made such a determination.~~

50.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable~~have this request processed expeditiously~~, and there is no legal basis for the denial by FirstNet of said right.

## FIFTH CAUSE OF ACTION

## (FIRSTNET – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – UNKNOWN NO. 5)

51.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

9

52.     On 25 5 September October 2017, Plaintiffs submitted to FirstNet and, NTIA, and DOC a FOIA request for "all correspondence sent by states or territories to FirstNet affirmatively opting out of the FirstNet systemall records about the [FirstNet] portal terms of use, including, but not limited to, any correspondence, modifications, addendums, or similar records discussing the terms of use" ("the Fifth Request").

53.     Plaintiffs further stated, in italics, "This request is being sent to three two separate Department of Commerce components—First Responder Network Authority, and National Telecommunications & Information Administration, and Department of Commerce —and should be processed by each component separately. If you do consolidate your response to this request, please indicate which responsive records were located in which component(s), although you do not need to provide duplicates if you locate the same record in multiple components."

54.     Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.

55.     On 6 October 2017, FirstNet informed Plaintiffs that it would not accept the request for the reasons stated above. FirstNet did not provide any appeal rights to Plaintiffs.FirstNet did not make a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute and has not, as of this writing, made such a determination.

56.     Plaintiffs have a legal right under FOIA to obtain the information they seekhave this request processed expeditiously, and there is no legal basis for the denial by FirstNet of said right.

## SIXTH CAUSE OF ACTION

10

**(NTIA – RECORDS DENIAL – 17-048)**

57.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

58.     On 6 September 2017, NTIA acknowledged receipt of the First Request and assigned it Request No. 17-048.

59.     NTIA responded, "To the extent there are records responsive to th[is] request[ ], they would be FirstNet records and not NTIA records. *See* 15 C.F.R. §4.5. Therefore, NTIA transferred your request to FirstNet for processing and a direct response." NTIA did not provide any appeal rights to Plaintiffs.

60.     On 7 September 2017, FirstNet acknowledged receipt of the NTIA referral and informed Plaintiffs that it would not accept the request for the reasons stated above. FirstNet did not provide any appeal rights to Plaintiffs.

61.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by NTIA of said right.

**SEVENTH CAUSE OF ACTION**

**(NTIA – RECORDS DENIAL – 17-049)**

62.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

63.     On 6 September 2017, NTIA acknowledged receipt of the Second Request and assigned it Request No. 17-049.

64.     NTIA informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above. NTIA did not provide any appeal rights to Plaintiffs.

11

65.     On 7 September 2017, FirstNet acknowledged receipt of the NTIA referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

66.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by NTIA of said right.

12

## EIGHTH CAUSE OF ACTION

### (NTIA – RECORDS DENIAL – 17-051)

67.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

68.     On 6 September 2017, NTIA acknowledged receipt of the Third Request and assigned it Request No. 17-051.

69.     NTIA informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above.  NTIA did not provide any appeal rights to Plaintiffs.

70.     On 7 September 2017, FirstNet acknowledged receipt of the NTIA referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

71.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by NTIA of said right.

### NINTH CAUSE OF ACTION

### (NTIA – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – ~~DOC-NTIA-2017-001942~~17-058)

72.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

73.     On 26 September 2017, NTIA acknowledged receipt of the Fourth Request and assigned it Request No. DOC-NTIA-2017-001942.  On 6 October 2017, NTIA informed Plaintiffs that it had transferred this request (now assigned Request No. 17-058) to FirstNet for the reasons stated above.  NTIA did not provide any appeal rights to Plaintiffs.

74.     On 6 October 2017, FirstNet acknowledged receipt of the NTIA referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.~~NTIA did not make a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute and has not, as of this writing, made such a determination.~~

75.     Plaintiffs have a legal right under FOIA to <u>obtain the information they seek as soon as practicable</u>~~have this request processed expeditiously~~, and there is no legal basis for the denial by NTIA of said right.

## TENTH CAUSE OF ACTION

### (NTIA – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – ~~DOC-~~ NTIA-2017-00194318-02)

76.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

77.     On ~~26 September~~ October 2017, NTIA acknowledged receipt of the Fifth Request and assigned it Request No. <u>18-02</u>.  NTIA informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above.  NTIA did not provide any appeal rights to Plaintiffs ~~DOC-NTIA-2017-001943~~.

78.     On 6 October 2017, FirstNet acknowledged receipt of the NTIA referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.~~NTIA did not make a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute and has not, as of this writing, made such a determination.~~

14

79.     Plaintiffs have a legal right under FOIA to ~~have this request processed expeditiously~~<u>obtain the information they seek</u>, and there is no legal basis for the denial by NTIA of said right.

## ELEVENTH CAUSE OF ACTION

### (DOC – RECORDS DENIAL – DOC-OS-2017-001817)

80.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

81.     On 7 September 2017, DOC acknowledged receipt of the First Request and assigned it Request No. DOC-OS-2017-001817.

82.     DOC responded, "To the extent there are records responsive to th[is] request[ ], they would be FirstNet records and not Department records. *See* 15 C.F.R. §4.5. Therefore, the Department transferred your request to FirstNet for processing and a direct response." DOC did not provide any appeal rights to Plaintiffs.

83.     On 7 September 2017, FirstNet acknowledged receipt of the DOC referral and informed Plaintiffs that it would not accept the request for the reasons stated above. FirstNet did not provide any appeal rights to Plaintiffs.

84.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by DOC of said right.

## TWELFTH CAUSE OF ACTION

### (DOC – RECORDS DENIAL – DOC-OS-2017-001818)

85.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

86.     On 7 September 2017, DOC acknowledged receipt of the Second Request and assigned it Request No. DOC-OS-2017-001818.

87.     DOC informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above. DOC did not provide any appeal rights to Plaintiffs.

88.    On 7 September 2017, FirstNet acknowledged receipt of the DOC referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

89.    Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by DOC of said right.

## THIRTEENTH CAUSE OF ACTION

### (DOC – RECORDS DENIAL – DOC-OS-2017-001821)

90.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

91.     On 7 September 2017, DOC acknowledged receipt of the Third Request and assigned it Request No. DOC-OS-2017-001821.

92.     DOC informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above.  DOC did not provide any appeal rights to Plaintiffs.

93.     On 7 September 2017, FirstNet acknowledged receipt of the DOC referral and informed Plaintiffs that it would not accept the request for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.

94.     Plaintiffs have a legal right under FOIA to obtain the information they seek as soon as practicable, and there is no legal basis for the denial by DOC of said right.

## FOURTEENTH CAUSE OF ACTION

### (DOC – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – DOC-OS-2017-001837)

95.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

96.     On 26 September 2017, DOC acknowledged receipt of the Fourth Request and assigned it Request No. DOC-OS-2017-001837.

97.     On 30 September 2017, DOC informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above.  DOC did not provide any appeal rights to Plaintiffs.

18

98.     On 6 October 2017, FirstNet acknowledged receipt of the copy of this request submitted directly to it and the NTIA referral of that copy and informed Plaintiffs that it would not accept the requests for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.  It may therefore be concluded that FirstNet will refuse to process this DOC referral as well, even though this letter did not mention it.~~Neither DOC nor FirstNet made a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute, and neither office has, as of this writing, made such a determination.~~

99.     Plaintiffs have a legal right under FOIA to ~~have this request processed expeditiously~~obtain the records they seek as soon as practicable, and there is no legal basis for the denial by DOC ~~and/or FirstNet~~ of said right.

### FIFTEENTH CAUSE OF ACTION

### (DOC – ~~CONSTRUCTIVE EXPEDITED PROCESSING~~RECORDS DENIAL – DOC-OS-2017-001838)

100.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

101.    On 25 September 2017, Plaintiffs submitted to DOC (and FirstNet and NTIA, although those copies are not subject to this complaint) a FOIA request for "all records about the First Responder Network Authority ("FirstNet") portal terms of use, including, but not limited to, any correspondence, modifications, addendums, or similar records discussing the terms of use."  Due to the significant public interest in the FirstNet plans and the rapidly approaching opt in deadlines, Plaintiffs requested a public interest fee waiver and expedited processing.  On 26 September 2017, DOC acknowledged receipt of the ~~Fifth R~~is request and assigned it Request No. DOC-OS-2017-001838.

102.    On 30 September 2017, DOC informed Plaintiffs that it had transferred this request to FirstNet for the reasons stated above.  DOC did not provide any appeal rights to Plaintiffs.

103.    On 6 October 2017, FirstNet acknowledged receipt of the copy of this request submitted directly to it and the NTIA referral of that copy and informed Plaintiffs that it would not accept the requests for the reasons stated above.  FirstNet did not provide any appeal rights to Plaintiffs.  It may therefore be concluded that FirstNet will refuse to process this DOC referral as well, even though this letter did not mention it. Neither DOC nor FirstNet made a determination regarding Plaintiffs' request for expedited processing within ten days as required by the statute, and neither office has, as of this writing, made such a determination.

104.    Plaintiffs have a legal right under FOIA to have this request processed expeditiously obtain the records they seek as soon as practicable, and there is no legal basis for the denial by DOC and/or FirstNet of said right.

20

### *PART II: POLICY CHALLENGES*

### SIXTEENTH CAUSE OF ACTION

### (FOIA – FIRSTNET – REFUSAL TO PROCESS)

105.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

106.    Plaintiffs have submitted eleven FOIA requests directly to FirstNet. As of this writing, FirstNet has refused to process Plaintiffs' requests each of the ~~four~~ seven times it has responded, in addition to refusing to process ~~eight~~ ten referred requests. This activity represents an ongoing policy, practice, or Standard Operating Procedure ("SOP").

107.    The Middle Class Tax Relief and Job Creation Act of 2012 did not fully exempt FirstNet from FOIA.

108.    A policy, practice, or SOP that refuses to process any FOIA requests is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.

109.    As a dedicated advocate and a representative of the news media who have written extensively about FirstNet, Plaintiffs stand to continue to be harmed by this ongoing practice in the future.

110.    Plaintiffs currently have other FOIA requests pending with FirstNet which are vulnerable to this policy but are not included in this litigation. The requests included herein are simply examples of the type of requests Plaintiffs have filed with FirstNet, and Plaintiffs continue to file requests for FirstNet records.

111.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that FirstNet is in violation of its statutory responsibilities under FOIA and an injunction compelling

FirstNet pursuant to that statute to accept and process all proper FOIA requests submitted directly to it.

## SEVENTEENTH CAUSE OF ACTION

### (FOIA – DOC – REFERRAL TO FIRSTNET)

112.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

113.    Plaintiffs have submitted seventeen FOIA requests to DOC components (besides FirstNet) for records about FirstNet activities.  As of this writing, DOC components have referred ~~nine~~ eleven requests to FirstNet and have refused to search their own records for copies in their possession, have ~~ultimately~~ agreed to process ~~one~~ two requests (one after initially refusing to conduct a search and the other on the same day this litigation was filed), and have not yet responded to ~~seven~~ four requests.  This activity represents an ongoing policy, practice, or SOP, and occasional deviations are not sufficient to alter that fact.

114.    An agency component cannot refuse to search for records in its own possession simply because they allegedly "belong" to another agency component.  It may refer the request to the second component, but it must still search for its own copies and process any responsive records for release.  Furthermore, an agency may not refer a FOIA request (or even records responsive to a FOIA request) to an entity which is not subject to FOIA.  A policy, practice, or SOP that authorizes an agency to do either is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.

115.    As a dedicated advocate and a representative of the news media who have written extensively about FirstNet, Plaintiffs stand to continue to be harmed by this ongoing practice in the future.

22

116.    Plaintiffs currently have other FOIA requests pending with DOC components besides FirstNet which are vulnerable to this policy but are not included in this litigation.  The requests included herein are simply examples of the type of requests Plaintiffs have filed with DOC, and Plaintiffs continue to file requests for records about FirstNet.

117.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that DOC is in violation of its statutory responsibilities under FOIA and an injunction compelling DOC pursuant to that statute to accept all FOIA requests for records about FirstNet and search for and process any records in the possession of the component which receives such a request.

## EIGHTEENTH CAUSE OF ACTION

## (APA – DOC – FAILURE TO CREATE PIAS)

118.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

119.     Under the E-Government Act of 2002, any agency "initiating a new collection of information that (I) will be collected, maintained, or disseminated using information technology; and (II) includes any information in an identifiable form permitting the physical or online contacting of a specific individual" is required to complete a Privacy Impact Assessment ("PIA") before initiating such collection. *See* 44 U.S.C. § 3501 note.

120.     The agency must "(i) conduct a privacy impact assessment; (ii) ensure the review of the privacy impact assessment by the Chief Information Officer, or equivalent official, as determined by the head of the agency; and (iii) if practicable, after completion of the review under clause (ii), make the privacy impact assessment publicly available through the website of the agency, publication in the Federal Register, or other means."

121.     FirstNet is an agency subject to the E-Government Act because it is an "establishment in the executive branch of the Government."

122.     A PIA for a "new collection of information" must be "commensurate with the size of the information system being assessed, the sensitivity of information that is in an identifiable form in that system, and the risk of harm from unauthorized release of that information." The PIA must specifically address "(I) what information is to be collected; (II) why the information is being collected; (III) the intended use of the agency of the information; (IV) with whom the information will be shared; (V) what notice or opportunities for consent

24

would be provided to individuals regarding what information is collected and how that information is shared; [and] (VI) how the information will be secured."

123.    DOC has only published one PIA for a FirstNet system, "FirstNet General Support System (NTIA-035)." That system is used solely for office administrative functions and only includes personally identifiable information ("PII") about FirstNet employees and contractors.

124.    DOC has not conducted a PIA for the Portal or any system which collects PII about its users, nor has it conducted a PIA for any system which would be able to collect and store information about the information being routed through the FirstNet system once it is operational.

125.    DOC has not ensured review of a PIA for any of these systems by any Chief Information Officer or equivalent official.

126.    DOC has not published a PIA or made such an assessment available for public inspection for any of these systems.

127.    DOC has failed to create, review, and/or publish a PIA for any FirstNet system which will collect PII about individuals not employed by the agency, as required by the E-Government Act.

128.    DOC's failure to take these steps constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

129.    Plaintiffs are being materially harmed by this inaction because they are being denied information about how these systems—which will be rich in PII about private citizens—are being designed and used.

130.    Plaintiffs stand to continue to be harmed by this ongoing inaction in the future beyond the informational injury, since they will face a reasonably foreseeable risk that their PII

will be collected by the FirstNet system currently under development if they are ever involved in an incident involving first responders.

131.    Plaintiffs have a direct interest in ensuring that DOC conducts and publishes PIAs for these systems.

132.    Plaintiffs are therefore entitled to relief in the form of an injunction prohibiting DOC from collecting any information about private individuals using a FirstNet system until it has conducted the necessary PIAs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Stephen Whitaker and David Gram, and where appropriate all other similarly situated individuals, pray that this Court:

(1)    Order the Department of Commerce to provide all responsive records to them;

(2)    Order all DOC components to expeditiously process their requests where requested and release all records to them as soon as practicable;

(3)    Declare and find that FirstNet's policy of refusing to process FOIA requests is a violation of FOIA, and that this violation was intentional and/or willful;

(4)    Order FirstNet, in the form of injunctive relief, to process all FOIA requests received since 22 February 2012 accordingly;

(5)    Order FirstNet to publicly announce, including on its website, that it is now accepting FOIA requests;

(6)    Declare and find that DOC's policy of referring requests between components instead of searching the components to which the requests were directed is a violation of FOIA, and that this violation was intentional and/or willful;

26

(7)     Order DOC, in the form of injunctive relief, to contact every FOIA requester who is part of the class and offer the opportunity to reinstate their respective requests and then process them accordingly;

(8)     Declare and find that DOC's failure to conduct and publish PIAs for FirstNet systems which collect or will collect PII about private individuals is a violation of the E-Government Act of 2002 by way of the APA, and that this violation was intentional and/or willful;

(9)     Order DOC to promptly conduct PIAs about all such FirstNet systems prior to the collection of any PII using those systems;

(10)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(11)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(12)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(13)    Grant such other relief as the Court may deem just and proper.

27

Date:   October 9̶6̶, 2017

Respectfully submitted,

_____ /s/ Robert Appel

Robert Appel, Attorney at Law, PLC
30 Main Street
Suite 350
Burlington, VT  05401
802-595-1544
802-881-0379 fax
Robert@RobertAppelLaw.com

*Counsel for Plaintiffs*

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
(*Pro hac vice* admission pending)
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org