U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 26 PM 2:40

CLERK
BY ____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

STEPHEN WHITAKER and DAVID GRAM,

    Plaintiffs,

v.

DEPARTMENT OF COMMERCE,

    Defendant.

Case No. 5:17-cv-192

## DECISION ON PLAINTIFFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
(Docs. 33, 43)

In its December 20, 2017 decision, the court adjudicated Counts 1–17 of the Complaint against the Plaintiffs and reserved judgment on summary judgment as to Count 18, ordering the parties to submit supplemental briefing. The Plaintiffs moved for certification of the court's December 20, 2017 decision for interlocutory appeal. (*See* Doc. 33.) The parties have submitted supplemental briefs as directed by the court, and the DOC has requested leave to file a reply brief in response to the Plaintiffs' supplemental brief. For the reasons set forth herein, the Plaintiffs' motion for certification of interlocutory appeal (Doc. 33) is denied, the Defendant's motion for leave to file a reply brief (Doc. 43) is granted. The Defendant's reply brief (Doc. 44) is accepted for consideration, and the Plaintiffs are granted leave to file a surreply.

### I.    Interlocutory Appeal (Doc. 33)

Certification for interlocutory appeal is appropriate when a district court's decision involves a controlling question of law on which there is substantial ground for difference of opinion and immediate appeal may materially advance the termination of the litigation. *See* 28

1

U.S.C. § 1292(b). The court is satisfied that immediate appeal of its decision on Counts 1–17 will not materially advance the termination of the litigation. The pending disposition of Count 18, which involves the application of a statutory provision that has never been interpreted by the Second Circuit, is practically certain to give rise to another appealable issue. The piecemeal appellate review requested by the Plaintiffs will only prolong this litigation. Because this is an independently sufficient basis for the court's conclusion that interlocutory appeal is not appropriate, the court does not consider whether its prior decision involved controlling questions of law or whether there is substantial ground for difference of opinion on those questions. The Plaintiffs' motion is denied.

## II. Leave to File Reply (Doc. 43)

The court directed the Defendant to file its supplemental brief first, as the court had identified a number of issues for the Defendant to address. The court anticipated that the Plaintiff's supplemental brief, to be filed after the Defendant's, would be limited in scope to the matters set forth in Defendant's briefing. Instead, the Plaintiffs filed a supplemental brief in which they attempted to raise a new issue as to whether the Nationwide Public Safety Broadband Network was operational, a matter of fact that had until then been undisputed.

The language of the court's order did not unambiguously reflect its expectations as to the scope of the Plaintiffs' supplemental brief, and the Plaintiffs' interpretation of the court's order was not unreasonable. Nevertheless, the Plaintiff's supplemental brief has effectively enlarged the summary judgment record and advanced new arguments. The Plaintiffs' objections to the protracted course that briefing this matter has taken, *see* Doc. 45 at 2, are inconsistent with their use of their own supplemental brief to put new facts in issue. The court will not deny the Defendant an opportunity to respond. The Defendant's motion is granted. The Defendant has

already filed its reply brief. (*See* Doc. 44). The court will consider that filing in reaching its decision on summary judgment with respect to Count 18 of the complaint.

The Plaintiffs are likewise entitled to an opportunity to respond to the arguments made by the Defendant in its reply brief, and they have requested this opportunity. (*See* Doc. 45 at 3 n.1.) The court grants the Plaintiffs leave to file a surreply within two weeks of the issuance of this order. The scope of the surreply is strictly limited to argument on the matters raised in the Defendant's reply brief. The summary judgment record is closed, and the Plaintiffs are not to attempt to raise new facts in their surreply. The court adopts this course as an alternative to striking the facts introduced in the Plaintiffs' supplemental brief, having carefully considered and balanced the need for a full and accurate summary judgment record with the need to render a final decision. The parties are advised that no additional briefing beyond that authorized by this decision will be accepted without prior leave of court.

## CONCLUSION

The Plaintiffs' Motion for Certification of Interlocutory Appeal (Doc. 33) is **DENIED**. The Defendant's Motion for Leave to File a Reply Brief (Doc. 43) is **GRANTED**, and the court will consider the Defendant's Reply (Doc. 44). The Plaintiffs are granted leave to file a surreply, limited in scope as set forth herein, within two weeks of the issuance of this order.

Dated at Rutland, in the District of Vermont, this 26 day of April, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court